```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD

          MAY 1 4 2012

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FLEURETTE FIRESTONE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING LP, et al.,<br><br>Defendants. | 2:11-cv-2036-RCJ-PAL<br><br>**ORDER** |

This is a foreclosure case involving a single property. Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("BAC"), the Bank of New York Mellon ("BNY Mellon"), and ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants") have filed a motion to dismiss the complaint (#4) pursuant to Rule 12(b)(6). Also, at oral argument, a preliminary injunction was requested by Plaintiff to prevent the future sale of the property at issue until this matter is resolved. For the following reasons, Defendants' motion to dismiss (#4) is granted in part and denied in part, and Plaintiff's request for a preliminary injunction is denied.

## BACKGROUND[1]

Plaintiff Fleurette Firestone purchased real property located at 2873 Moonlight Bay

---

[1] Defendants have attached to their motion to dismiss copies of relevant publicly recorded documents. (See Mot. to Dismiss (#4) Exs. A-N). The Court will take judicial notice of these public records. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1 Lane, Las Vegas, Nevada 89128 (the "Property") on February 10, 2003. (Deed (#4-1)). She
2 then refinanced the Property by obtaining a $312,000 loan from Ascent Home Loans, Inc.,
3 which was secured by a deed of trust (the "Deed of Trust") that was executed on May 13,
4 2005. (Deed of Trust (#4-2) at 1). The Deed of Trust listed Ascent Home Loans, Inc. as
5 lender and Stewart Title of Nevada as trustee. (*Id.* at 1-2). On May 18, 2005, the Deed of
6 Trust was assigned to Countrywide Home Loans Servicing, LP ("Countrywide"). (Assignment
7 of Deed of Trust (#4-4)). Countrywide then reassigned the Deed of Trust to BNY Mellon on
8 June 2, 2005. (Assignment of Deed of Trust (#4-5)).

9 Plaintiff admits that she defaulted on the loan secured by the Deed of Trust. (Compl.
10 (#1-1) at 8). ReconTrust—which had not yet been substituted as trustee—recorded a notice
11 of default and election to sell under deed of trust on April 14, 2009. (Notice of Default (#4-6)).
12 ReconTrust then recorded a notice of trustee's sale on July 17, 2009. (Notice of Trustee's
13 Sale (#4-7)). The Property was sold to BNY Mellon for a price of $136,000 and a trustee's
14 deed upon sale (the "Deed Upon Sale") was recorded on August 18, 2009. (Deed Upon Sale
15 (#4-8)). The Deed Upon Sale however was rescinded on January 31, 2010 and this rescission
16 was recorded on April 7, 2010. (Notice of Rescission (#4-9)).

17 The foreclosure process was then restarted. ReconTrust was substituted as trustee on
18 April 28, 2011 by BAC, which was formerly known as Countrywide. (Substitution of Trustee
19 (#4-10)). ReconTrust then executed a notice of default on April 28, 2011, which was recorded
20 the next day. (Notice of Default (#4-11)). A certificate of compliance with Nevada's
21 Foreclosure Mediation Program was recorded on August, 1, 2011. (Certificate (#4-12)).
22 ReconTrust then recorded a notice of trustee's sale on August 1, 2011 and recorded a second
23 notice of trustee's sale on December 2, 2011. (Notices of Trustee's Sales (##4-13, -14)).

24 Plaintiff filed her complaint in the Eighth Judicial District Court of the State of Nevada
25 on November 17, 2011 against BAC, BNY Mellon, and ReconTrust. (Compl. (#1-1) at 6). The
26 complaint originally alleged seven causes of action, including: (1) fraud; (2) fraudulent transfer;
27 (3) wrongful foreclosure; (4) quiet title; (5) violations of NRS § 598D.100; (6) violations of NRS
28 § 598.092; and (7) injunctive relief. (Compl. (#1-1) at 10-15). Plaintiff's claim for fraudulent

2

transfer (claim two) was later voluntarily withdrawn by Plaintiff. (Opp'n to Mot. to Dismiss (#15) at 5). The matter was removed to federal court on December 19, 2011 and Defendants filed a motion to dismiss the complaint for failure to state a claim on December 27, 2011. (Pet. for Removal (#1); Mot. to Dismiss (#4)).

Oral argument was held on March 9, 2012. At oral argument Plaintiff requested that a preliminary injunction be issued by this Court in order to prevent the future sale of the Property until this dispute is resolved.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*,

371 U.S. 178, 182 (1962); see also FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants have moved to dismiss Plaintiff's remaining claims of fraud, wrongful foreclosure, quiet title, violations of NRS § 598D.100, violations of NRS § 598.092, and injunctive relief. (Mot. to Dismiss (#4)).

The Court finds that Plaintiff has failed to state a claim of fraud under her first cause of action. Under Nevada law, a claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiff alleges that Defendants engaged in fraud by rescinding the Deed Upon Sale in an attempt to restart the statutory allotted time frame in which they were allowed to pursue a deficiency judgment against Plaintiff. (Compl. (#1-1) at 10-11). Plaintiff however has failed to state a claim of fraud based on the rescission of the Deed Upon Sale because the action was not a false representation that was intended to induce or did induce plaintiff to enter into any agreement. A "representation" is a "presentation of fact—either by words or by conduct—made to induce someone to act." BLACK'S LAW DICTIONARY 1415 (9th ed. 2009). By rescinding the Deed Upon Sale, Defendants were not making any presentation of fact that would suggest their motivation behind the action. Defendants never stated their purpose in

rescinding the Deed Upon Sale and no assertion of fact as to their motivation can be implied from their performance of the action because there are numerous reasons they may have decided to rescind the Deed Upon Sale. Even if Defendants' purpose in rescinding the Deed Upon Sale could be implied from the action, there is no indication it was done for the purpose of inducing Plaintiff to act or that Plaintiff did in fact enter into any other agreement in reliance on Defendants' stated or implied purpose in rescinding the Deed Upon Sale. For these reasons, Plaintiff has failed to state a claim for fraud.

Plaintiff has also failed to adequately plead all the requisite elements of her second cause of action for wrongful foreclosure. Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, Plaintiff's claim for wrongful foreclosure cannot stand because although the home was sold at a trustee's sale, Plaintiff has admitted that she was in default of the mortgage loan at the time the power of sale was exercised. (Compl. (#1-1) at 8).

However, drawing all reasonable inferences in favor of the nonmovant as the Court must for the purposes of this motion, Plaintiff may have intended to allege that the foreclosure was wrongful in the sense that it was statutorily defective. NRS § 107.080 sets out certain procedures that must be followed in a foreclosure proceeding, and if these procedures are not substantially complied with, the sale may be declared void. *Id.* § 107.080(5)(a). In order to foreclose on the borrower, the beneficiary, successor in interest of the beneficiary or the trustee must first execute and cause to be recorded a notice of default. *Id.* § 107.080(2)(c). "[S]o long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is simply no defect in foreclosure." *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009).

Apparently after realizing that ReconTrust had never been formally substituted as trustee, Defendants rescinded the Deed Upon Sale and attempted to comply the NRS §

107.080. (Notice of Rescission (#4-9)). Following the rescission, ReconTrust was substituted as trustee of the Deed of Trust on April 28, 2011 by BAC. (Substitution of Trustee (#4-10)). Although BAC had previously been assigned all beneficial interest in the Deed of Trust when it was known as Countrywide, on June 2, 2005 Countrywide assigned its beneficial interest in the Deed of Trust to BNY Mellon. (Assignment of Deed of Trust (#4-5)). Because Countrywide assigned its beneficial interest in the Deed of Trust to BNY Mellon on June 2, 2005, BAC had no beneficial interest in the Deed of Trust on April 28, 2011—the date it substituted ReconTrust as trustee. There is also no evidence at this time that BAC was given power to act as the nominee of BNY Mellon. Because the substitution of trustee must be executed by the beneficiary or nominee of the beneficiary, see Gomez, 2009 WL 3617650, at *2, and because BAC was neither the beneficiary nor nominee at the time it substituted ReconTrust as trustee, the substitution was invalid. Accordingly, an implied claim for defective foreclosure along with the claims of quiet title and injunctive relief survive Defendants' motion to dismiss.

Plaintiff's fifth cause of action for unfair lending practices in violation of NRS § 598D.100 however fails because it is barred by the applicable statute of limitations. An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. See NEV. REV. STAT § 598D.110.

Although the loan was extended in 2005 and Plaintiff did not file her complaint until 2011, Plaintiff contends that the rescission of the Deed Upon Sale extended the statute of limitations period. Specifically, Plaintiff argues that the rescission of the Deed Upon Sale extinguished the original loan and her repayment obligation under the loan, and as the original loan was extinguished by the rescission, Defendants were essentially attempting to create a new loan obligation by pursuing collection after the rescission was recorded in 2010. (Opp'n to Mot. to Dismiss (#15) at 6).

Plaintiff cites no authority to support her assertion that the rescission of a trustee's deed upon sale invalidates all previous liens and mortgage obligations. This theory is in direct conflict with the language of the notice of rescission, which states that its express purpose "is to return the priority and existence of all title and lienholders to the status quo-ante as existed prior to the trustee's sale." (Notice of Rescission (#4-9)). Additionally, other courts have found that notices of rescissions with this exact language returned all parties to their pre-contractual positions and that the borrower "remains liable for whatever her obligations are and were under the note and deed of trust." *Martenson v. RG Fin.*, 2010 WL 3724701, at *1 (D. Ariz. 2010); *see also Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1051 (E.D. Cal. 2009) ("Rescission of a trustee's deed 'restores the condition of record title to the real property described in the trustee's deed and the existence and priority of all lienholders to the status quo prior to the recordation of the trustee's deed upon sale.'" (quoting CAL. CIV. CODE § 1058.5(b))). Indeed, returning all parties in this matter to their position prior to the execution of the Deed Upon Sale makes logical sense because the very purpose of rescission is to place the parties in the position they occupied prior to executing the contract. *Awada v. Shuffle Master, Inc.*, 173 P.3d 707, 713 (Nev. 2007) (citing *Bergstron v. Estate of DeVoe*, 854 P.2d 860, 861 (Nev. 1993)). Because the rescission of the Deed Upon Sale returned all parties to their pre-contractual position, it did not create a new loan, and therefore Plaintiff's claim for violation of NRS § 598D.100 is time barred.

Plaintiff asserts in her final cause of action that Defendants have violated the Nevada Deceptive Trade Practices Act (NRS § 598) by continuing to hold Plaintiff responsible for the mortgage, again claiming the notice of rescission extinguished all of Plaintiff's liability on the loan. (Opp'n to Mot. to Dismiss (#15) at 7). NRS § 598 however only applies to goods and services and not to real estate transactions. *See Archer v. Bank of Am. Corp.*, 2011 WL 6752562, at *2 (D. Nev. 2011) (noting that all subsections of NRS § 598.0915, including the catchall provision, are limited to transactions involving "goods or services" and do not apply to real estate transactions); *Reyna v. Wells Fargo Bank, N.A.*, 2011 WL 2690087, at *9 (D. Nev. 2011) ("N.R.S. 598 . . . applies only to goods and services and not to real estate loan

transactions."); *Alexander v. Aurora Loan Servs.*, 2010 WL 2773796, at *2 (D. Nev. 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [NRS § 598] does not provide an avenue for relief to Plaintiff."). Even if NRS § 598 did apply to this transaction, Plaintiff's argument would still fail because, as noted above, the rescission did not extinguish Plaintiff's obligation to repay the loan, and consequently any attempt to collect on the loan is not a deceptive trade practice.

Finally, at oral argument Plaintiff requested that a preliminary injunction be issued preventing a future sale of the Property by Defendants. Yet Plaintiff has admitted she is in default of the loan and has presented no justification for the Court to grant such relief. (*See* Compl. (#1-1) at 8). Plaintiff's request for a preliminary injunction is therefore denied.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss (#4) is granted in part and denied in part. Specifically, the Court GRANTS the motion in regard to Plaintiff's claims for fraud, wrongful foreclosure, violations of NRS § 598D.100, and violations of NRS § 598.092 and these claims are dismissed with prejudice, as allowing leave to amend would be futile in this case. The Court however DENIES the motion to dismiss in regard to Plaintiff's claims for statutory defective foreclosure (implied from claim three), quiet title, and injunctive relief.

IT IS FURTHER ORDERED that Plaintiff's request for a preliminary injunction is DENIED.

DATED: This 11th day of May, 2012.

United States District Judge